IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| GREG SOCKWELL | PLAINTIFF |
| VERSUS | NO. 3:19-CV-004-GHD-RP |
| TOWN OF CALHOUN CITY, AND<br>TITO LOPEZ, In His Individual Capacity | DEFENDANTS |
| | JURY TRIAL DEMANDED |

## COMPLAINT

This is a civil action to recover money damages for the Defendants' violation of Mr. Sockwell's' First Amendment right to be free from retaliation for speech on a matter of public concern, and for petitioning the government for redress of grievances made actionable pursuant to 42 U.S.C. § 1983; and for violating Mississippi public policy by retaliating against him for reporting illegal acts, made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"). For cause, Mr. Sockwell shows the Court as follows:

### PARTIES

1. The Plaintiff, Greg Sockwell, is an adult resident citizen of Tupelo, Lee County, Mississippi.

2. The Defendant, Town of Calhoun City ("Calhoun City"), is a municipal corporation established and authorized pursuant to the laws of the State of Mississippi. The Defendant Calhoun City may be served with process by service of a summons and

complaint to the Municipal Clerk, Ms. Raenell Moore, City Clerk, Town of Calhoun City, Post Office Box E, Calhoun City, Mississippi 38916.

3. The Defendant, Tito Lopez ("Lopez"), In His Individual Capacity, is the former Chief of Police for the Town of Calhoun City. The Defendant Lopez may be served with process by service of a summons and complaint to him, at his place of residence in Bruce, Mississippi 38915.

JURISDICTION & VENUE

4. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. 1343(a)(3) (Civil Rights), and 42 U.S.C. § 1367 (Supplemental).

5. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

CAUSE OF ACTION

6. On, or about, May 10, 2017, Mr. Sockwell responded to a 911 dispatch call of a an alleged domestic disturbance.

7. At the time of the dispatch call, Mr. Sockwell was employed as a patrol officer for the Town of Calhoun City and was then engaged in the lawful performance of his duty.

8. The home that Mr. Sockwell was dispatched to was the home of the Chief of Police, the Defendant Lopez.

9. Upon arriving, at the scene of the alleged domestic disturbance, Mr. Sockwell knocked on the door.

10. The door was answered by the Defendant Lopez's girlfriend, who appeared fearful and as if she had been crying. The Defendant Lopez, visibly agitated, stood some distance from the door.

11. As Mr. Sockwell tried to explain the reason why he was there, the Defendant Lopez began to berate and yell at Mr. Sockwell and ordered him to get his ass back in the car and get the Hell out of there.

12. Mr. Sockwell immediately left the scene of the disturbance.

13. The actions of the Defendant Lopez obstructed Mr. Sockwell in the lawful performance of his duties as a patrol officer responding to a domestic disturbance call.

14. After leaving the sene of the domestic disturbance, Mr. Sockwell continued his shift.

15. Later that shift, the Defendant Lopez called Mr. Sockwell and apologized for the way he acted towards Mr. Sockwell.

16. The following day, the Defendant Lopez met with Mr. Sockwell and asked if he had discussed the domestic disturbance matter with anyone at the Calhoun County

3

Sheriff's Department.

17. Mr. Sockwell stated that he did discuss the matter with Calhoun County Sheriff's Department employees. Specifically, Mr. Sockwell spoke with the dispatcher and a deputy sheriff who were on duty at the time of the domestic disturbance call and were fully aware of the incident.

18. The Defendant Lopez became angry and told Mr. Sockwell that he had, "betrayed him." The Defendant Lopez also accused Mr. Sockwell of "telling everyone that he had a domestic at his house."

19. The Defendant Lopez then told Mr. Sockwell, "If you're not happy here then you need to find a new job."

20. From that point on, the Defendant Lopez, in retaliation for Mr. Sockwell's lawful performance of his duties, began a campaign of harassment towards Mr. Sockwell in an effort to cause him to abandon his employment and work elsewhere.

21. The Defendant Lopez told other police officers in the police department to shun and not "back-up" Mr. Sockwell, on police calls.

22. The Defendant Lopez also solicited and coerced false complaints against Mr. Sockwell, in an effort to justify firing him.

23. The Defendant Lopez told Mr. Sockwell repeatedly that he needed to find another job or he would be fired.

24. On July 5, 2017, Mr. Sockwell hand-delivered a grievance to the Mayor of the Town of Calhoun City setting forth the misconduct of the Chief of Police and that he was being retaliated against by the Defendant Lopez for the lawful performance of his duty.

25. Mr. Sockwell's grievance to the Mayor constituted speech on a matter of public concern made to a public official.

26. The Mayor accepted Mr. Sockwell's grievance but explained to him that she had no authority to intervene in the day to day operations of the police department.

27. In response to his grievance, on July 18, 2017, the Defendant Lopez accompanied by a police sergeant hand-delivered a termination letter to Mr. Sockwell's home.

28. Prior to terminating Mr. Sockwell's employment, the Defendant Lopez made it known to several patrol officers that he was going to fire Mr. Sockwell due to his anger over Mr. Sockwell's responding to the domestic disturbance call and his filing of a grievance.

29. The termination of Mr. Sockwell's employment violated Mississippi public policy, and Mississippi statutory law prohibiting intimidation or reprisals against a public servant for the lawful performance of their duty. See Miss. Code Ann. § 97-9-55 (Intimidation); Miss. Code Ann. § 97-9-127 (Retaliation).

30. In addition, Mr. Sockwell's reporting of the illegal actions of the Defendant Lopez make him a potential "whistleblower" pursuant to Miss. Code Ann. § 25-9-171(*j*).

31. The termination of Mr. Sockwell by the Defendant Lopez violated Mr. Sockwell's First Amendment rights to be free from reprisal for speech on a matter of public concern; and for petitioning the government for redress of grievance.

32. The actions of the Defendant Lopez towards Mr. Sockwell were intentional and taken in willful disregard of Mr. Rogers' federally protected rights.

33. At all times relevant to this civil action, the Defendant Lopez acted under color of state law.

34. At all times relevant to this civil action, the Defendant Lopez acted as a final policy making official for the Defendant Calhoun City, with respect to the operation and management of the police department.

35. The Defendant Calhoun City is liable for the actions of the Defendant Lopez as its final policy making official.

### Claim 1 First Amendment

36. The Defendant Calhoun City and the Defendant Lopez are liable to Mr. Sockwell for retaliating against him by firing him from his job based on his speech on a matter of public concern, and for petitioning for redress of grievances.

37. The termination of Mr. Sockwell for his speech on a matter of public concern

and for petitioning for redress of grievances violates clearly established law of a which a reasonable public official would be aware.

38. As a result of the Defendants' retaliatory firing of Mr. Sockwell he has suffered damages.

Claim 2 MTCA Violation of Public Policy

39. The Defendant Calhoun City is liable to Mr. Sockwell for retaliating against him, in violation of pubic policy, for reporting the illegal acts of the Defendant Lopez.

40. At all times relevant t this civil action Mr. Sockwell was a whistleblower as set forth in Miss. Code Ann. § 25-9-171(*j*).

41. As a result of the Defendant Calhoun City's retaliatory firing of Mr. Sockwell he has suffered damages.

AD DAMNUM

42. Mr. Sockwell prays for the following relief:

    a. Back pay and benefits;

    b. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

    c. Punitive damages, as to the Defendant Lopez only; and

    d. Reasonable costs and attorney's fees.

Respectfully submitted, this the 4th day of January, 2019.

/s/ Victor Israel Fleitas

        VICTOR I. FLEITAS
        MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 /Facsimile
fleitasv@bellsouth.net /Email

Attorney for Greg Sockwell