IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GREG SOCKWELL                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:19-cv-00004-GHD-RP

TOWN OF CALHOUN CITY, MISSISSIPPI and
TITO LOPEZ, In His Individual Capacity                                                         DEFENDANTS

<u>OPINION GRANTING DEFENDANT TITO LOPEZ' MOTION TO DISMISS</u>

Presently before the Court is the Defendant Tito Lopez' motion to dismiss the claims pending against him. Upon due consideration, the Court finds that the motion should be granted

***A. Factual and Procedural Background***

The Plaintiff was a city police officer in Calhoun City, Mississippi, and on May 10, 2017, responded to a 911 call alleging a domestic disturbance [Compl., Doc. 1, at ¶ 6]. The home to which he was dispatched was the home of the Calhoun City Chief of Police, the Defendant Tito Lopez [Compl. at ¶ 8]. Upon arriving at the home, the Plaintiff knocked on the door, which was answered by Lopez' girlfriend [Compl. at ¶ 9]. The Defendant Lopez, also in the home, began yelling at the Plaintiff and told him to leave [Compl. at ¶ 11]. The Plaintiff left the home and continued his shift; later in the shift, Lopez called the Plaintiff and apologized [Compl. at ¶ 15].

The next day, Lopez became angry at the Plaintiff after learning that he had discussed the 911 call with a dispatcher and a deputy sheriff who were on duty at the time, telling him "if you're not happy here then you need to find a new job." [Compl. at ¶¶ 17, 19]. The Plaintiff alleges that, from that date forward, Lopez began harassing the Plaintiff in an effort to cause him to seek employment elsewhere or face termination of his employment [Compl. at ¶ 20].

On July 5, 2017, the Plaintiff filed a grievance with the Mayor of Calhoun City outlining Lopez' alleged misconduct [Compl. at ¶ 24]. The Mayor accepted the grievance but informed the

1

Plaintiff that she had no authority to intervene in the daily operations of the police department [Compl. at ¶ 27]. The Plaintiff's employment with the Calhoun City Police Department was then terminated on July 18, 2017 [Doc. 21-1, Termination Letter].

The Plaintiff then filed this Section 1983 action on January 4, 2019, alleging, *inter alia*, that Calhoun City and Lopez, in his individual capacity, violated the Plaintiff's First Amendment right to be free from retaliation for speech on a matter of public concern. The Defendant Lopez then filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Plaintiff's claims against him should be dismissed under the doctrine of qualified immunity.

### B. Standard of Review

#### 1. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216-17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775-76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v.*

2

*Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### 2. Qualified Immunity

Lopez has asserted that he is protected from liability by the doctrine of qualified immunity. "[Q]ualified immunity serves to shield ... government officials from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001); see *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.") (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)). Qualified immunity calls for a bifurcated test in which the court must first determine (1) "whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right and, if so, (2) whether the defendant [official's] conduct was objectively unreasonable." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'" *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown*, 623 F.3d at 253).

## C. Analysis and Discussion

Lopez asserts that he is entitled to receive the benefit of qualified immunity because he was a non-final policymaking official with respect to the Plaintiff's termination from employment, and because at the time of the subject events, the law in the Fifth Circuit was unsettled - and thus not clearly established - as to whether non-final decisionmakers could be held individually liable for claims of First Amendment retaliation. The Plaintiff responds that Lopez was a final policymaker with respect to Plaintiff's termination from employment and thus qualified immunity does not apply.

State law governs whether a particular official possesses final policymaking authority, and the determination is a question of law, not fact. *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). In Mississippi, state law is clear that it is the municipal Board of Aldermen, and not the Police Chief, that is the final decisionmaker when it comes to the employment of patrol officers. Section 21-21-3 of the Mississippi Code provides that "the governing authorities of municipalities shall have the power and authority to employ, regulate and support a sufficient police force or night marshals, to define the duties thereof, and to furnish and supply all suitable and necessary equipment therefor." Miss. Code Ann. § 21-21-3 (Rev. 1950). A series of Mississippi Attorney General's opinions have described this authority and make clear that while the Police Chief is entrusted to supervise the daily operations of the police force, hiring and firing authority of patrol officers is vested in the municipal governing authority, in this case the Calhoun City Board of Aldermen. *See, e.g.*, Op. Atty. Gen., Thorne (Miss. A.G., Sept. 18, 1998) (Authority to hire and fire police officers is vested with the governing authorities exclusively); Op. Atty. Gen., Donald (Miss. A.G. July 25, 1997) (The general authority to hire and fire police officers lies with the governing

authorities of the municipality); Op. Atty. Gen., Bates (Miss. A.G. Aug. 15, 1990) (While the chief of police has control and supervision of all police officers pursuant to section 21-21-1, the authority to employ and terminate is vested with the governing authority of the municipality under section 21-21-3). Another Attorney General's Opinion opines that this authority cannot be delegated. Op. Atty. Gen., Davis, 2011 WL 4383422 (Miss. A.G. Aug. 26, 2011) (Any authority of the board of aldermen to delegate administrative duties does not include the broad authority to hire and fire municipal employees. That authority is reserved to the board of aldermen.). Accordingly, the court finds that the Calhoun City Board of Aldermen, and not Lopez, as the Chief of Police, was the final decisionmaker with respect to the Plaintiff's termination from employment and thus is the relevant decisionmaker for his First Amendment retaliation claim.

Next, the court must determine whether it was clearly established in the Fifth Circuit at the time of the subject events that non-final decisionmakers, such as Lopez, could be held individually liable for First Amendment retaliation such that qualified immunity might not apply. While the Fifth Circuit has recently held that municipal officials need not be final decisionmakers to be held individually liable for First Amendment retaliation, at the time of the events in the case *sub judice*, it remained an unsettled question and thus was not clearly established. *Smith v. City of Madison*, 364 F. Supp. 3d 656, 662 (S.D. Miss. 2018) (holding that "[w]hether a nonfinal decisionmaker can be individually liable for first amendment retaliation remained an unsettled question in the Fifth Circuit before the court's June 2018 decision in *Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018)"). In *Sims*, the Fifth Circuit clarified that non-final decisionmakers such as Lopez can be held individually liable for First Amendment retaliation claims, but recognized that the law was previously unsettled and not clearly established in that area, and specifically held that local non-final decisionmaking officials were entitled to qualified immunity prior to the *Sims* decision based

on the unsettled state of the law. *Sims*, 894 F.3d at 641; see also *Pennypacker v. City of Pearl*, 689 Fed. Appx. 332 (5th Cir. May 12, 2017) ("It is not clearly established in this circuit whether these individual defendants may be held personally liable for First Amendment retaliation under § 1983"); *Culbertson v. Lykos*, 790 F.3d 608, 627 (5th Cir. 2015); *Johnson v. Louisiana*, 369 F.3d 826, 831 (5th Cir. 2004) ("[O]nly final decision-makers may be held liable for First Amendment retaliation employment discrimination under § 1983.").

In short, the status of non-final decisionmaker liability for retaliation was not clearly established at the time of the Plaintiff's termination. A nearly identical situation was presented in *Smith*, where a non-final decisionmaker, in that case the mayor of Madison, Mississippi, was sued in her individual capacity for First Amendment retaliation. The court in that case dismissed the claims pending against the mayor on qualified immunity grounds, holding that because the events took place prior to the Fifth Circuit's *Sims* ruling, "it was not clearly established that she could be subject to individual liability for causing [the Plaintiff's] termination." *Smith*, 364 F. Supp. 3d at 662. Likewise, in the case *sub judice*, all of the alleged retaliatory conduct took place from May until July of 2017, a year prior to the Fifth Circuit's *Sims* ruling. Accordingly, it was not clearly established at the time that a non-final decisionmaker could be held liable for First Amendment retaliation; the Plaintiff has therefore failed to establish the violation of a clearly established constitutional right and Lopez is entitled to qualified immunity.

## D. Conclusion

For the foregoing reasons, the Court finds that the Defendant Tito Lopez is entitled to qualified immunity as to the Plaintiff's claims pending against him. Accordingly, his motion to dismiss [16] is granted and the Plaintiff's claims against him are dismissed. The Plaintiff's pending claims against the Town of Calhoun City, Mississippi, shall proceed.

A judgment in accordance with this opinion shall issue this day.

THIS, the 5th day of August, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE